[Civ. No. 7273. Second Appellate District, Division One.—June 3, 1932.]

JANE IMLAY, Respondent, v. CALIFORNIA CAB COMPANY (an Unincorporated Association) et al., Defendants; C. L. MINERT, Appellant.

Bryce P. Gibbs for Appellant.

Walter I. Lyon, Heap & Butler for Respondent.

TAPPAAN, J., *pro tem.*—This is an appeal from a judgment awarding plaintiff damages for personal injuries suffered by her while alighting from a taxicab owned and operated by defendant, and driven, at the time of the accident, by an employee of defendant and appellant.

Appellant's first assignment of error is that both the trial court and plaintiff's counsel, during the argument to the jury, were guilty of misconduct highly prejudicial to appellant and which prevented him from having a fair trial.

From an examination of the record presented upon this appeal it is extremely doubtful whether or not the appellant suffered prejudice by reason of any statements of counsel of which he complains. Even if plaintiff's counsel had been guilty of misconduct an admonition from the court would have removed the effect thereof in every instance.

In *Scott* v. *Times-Mirror Co.*, 181 Cal. 345, 368 [12 A. L. R. 1007, 184 Pac. 672, 682], the court in deciding the question presented here, and under very similar circumstances, said: ''In no case was the court requested to instruct the jury that the conduct objected to was improper and that it was to be disregarded by them. Where the action of the trial court is not thus invoked, the alleged misconduct will not be considered on appeal, if an admonition to the jury would remove the effect thereof.'' (See, also, *Olsen* v. *Standard Oil Co.*, 183 Cal. 20, 26 [204 Pac. 393].)

Appellant cites the following remark made by the court during the course of plaintiff's argument: "Now, then, you are out of order. The objection is improper, and I will request you now not to interfere with the argument, with the proceedings, by any objection, unless it is obviously well founded." Counsel made no objection to this remark other than to state: "I think that I am unjustly criticized for this remark."

The remarks of the court, it would seem, were not of such a nature, when considered as a part of the whole colloquy had at the time between the court and counsel, to justify counsel's above-quoted characterization of them. Counsel, with perhaps laudable persistence, attempted to impress upon the court his view as to the objection he had just made, the "unjustly criticized" is directed as applying to the court ruling on the objection rather than the court's personal conduct in making the ruling. Counsel studiously refrained from directing the court's attention to what he now, for the first time upon this appeal, calls misconduct on the part of the court.

"It seems clear that counsel should have called the attention of the trial judge to anything deemed prejudicial, thus giving him an opportunity to withdraw anything objectionable and state his real intent and meaning. Of course, the matter was of such a nature that all possible prejudicial effect would have been obviated by proper instruction and admonition to the jury." (*Price* v. *Northern Elec. Ry. Co.*, 168 Cal. 173, 182 [142 Pac. 91, 95].)

Appellant next assigns as error certain questions asked by plaintiff's counsel during the taking of evidence. The record in this regard discloses that in a majority of the instances where error is thus assigned, the court sustained the objection and struck out the answer. In some cases the court on its own motion admonished the jury as to its duties in the premises. The matter as to the effect of these questions upon the mind of the jury is one addressed to the sound discretion of the trial court. "The trial court having heard and seen the witnesses on the trial, and having knowledge as to those circumstances of a case which cannot be reproduced in the printed record, is in a better position than is the appellate court to determine as to the effect of the shown irregularity upon the result of the trial." (*Merralls* v. *Southern Pac. Co.*, 182 Cal. 19, 23 [186 Pac. 778,

779].) The appellant failed also to invoke the aid of the court by requesting proper instruction as to the alleged misconduct. (*Scott* v. *Times-Mirror Co., supra.*)

■ Appellant complains that the damages awarded by the jury were so excessive as to bear evidence of having been made under the influence of passion or prejudice. In this contention, the record here fails to support appellant's position. There is evidence sufficient to support the finding of the jury in that regard.

In *Bisinger* v. *Sacramento Lodge No. 6,* 187 Cal. 578, 585 [203 Pac. 768, 771], the court quotes with approval from *Hale* v. *San Bernardino etc. Co.,* 156 Cal. 713, 715 [106 Pac. 83], as follows:

"The amount of damages in such cases is committed first to the sound discretion of the jury, and next to the discretion of the judge of the trial court, who, in ruling upon the motion for a new trial, may consider the evidence anew, determine anew the facts, and set aside the verdict if it is not just. Upon appeal, the decision of the trial court and jury on the subject cannot be set aside unless the verdict is 'so plainly and outrageously excessive as to suggest at first blush, passion or prejudice or corruption on the part of the jury'."

In the instant case, we cannot say that the verdict is excessive as a matter of law.

The judgment appealed from is affirmed.

Conrey, P. J., and York, J., concurred.