[S. F. No. 16470.   In Bank.—March 11, 1941.]

ELEANOR TAYLOR, a Minor, etc., Respondent, v. OAK-
LAND  SCAVENGER  COMPANY  (a  Corporation)
et al., Appellants.

Ralph E. Hoyt, District Attorney, Charles V. Barfield and Appelbaum & Mitchell for Appellant Oakland High School District.

Weinmann, Quayle & Berry for Appellant Oakland Scavenger Company et al.

Elliott Johnson and Crozier C. Culp for Respondent.

TRAYNOR, J.—Plaintiff, a fifteen year old girl, was enrolled in the Castlemont High School in Oakland where she took the required course in physical education. On September 29, 1936, she and other members of the class assembled in the gymnasium, changed from street to gymnasium clothes, and received instructions from the teacher to go outdoors into the athletic field to play volley ball. As was their custom, most of the members of the class surged out of the gymnasium and commenced running to the field. Plaintiff took the lead, followed closely by a classmate, and ran north in a passageway between the main high school building and the gymnasium. As she approached the northeast corner of the gymnasium, a blind corner, a garbage truck came around the corner without warning and turned toward her at a rate of about twenty-five miles per hour. Plaintiff, unable to stop herself, struck the truck at the cab door and was knocked to the pavement. While in that position the right rear wheel of the truck ran over her left foot and tore the sole loose from the foot in such a manner as to render her foot permanently defective with a possibility of ultimate loss.

Plaintiff brought suit against Albert Santucci, the driver of the truck; Oresti Santucci, the owner of the truck; the Oakland Scavenger Company, under contract with the city to collect and dispose of garbage; and the Oakland High School District. She claimed that the truck was driven in a negligent manner, that the owner of the truck was an em-

ployee of the Oakland Scavenger Company, and that the school district was negligent in failing to take adequate precautionary measures to prevent such accidents.

The judgment of the trial court which sustained without leave to amend a demurrer of the defendant Oakland High School District was reversed by this court on appeal. (12 Cal. (2d) 310 [83 Pac. (2d) 849].) Upon a trial of the case the jury awarded plaintiff damages in the amount of $25,000 against all of the defendants. The trial court denied a motion for a new trial on the condition that plaintiff accept a reduction of the amount to $20,000, and judgment was entered accordingly. All defendants have appealed.

The school district claims that there is no evidence establishing negligence on its part and that the negligence of the truck driver was an efficient intervening cause insulating it from liability. The Santuccis and the Oakland Scavenger Company claim that there is no evidence establishing the negligence of the driver of the truck, that the negligence of the school district is an efficient intervening cause insulating them from liability, that the trial court committed prejudicial error in admitting certain evidence, and that plaintiff's counsel was guilty of prejudicial misconduct. The Oakland Scavenger Company further denies liability on the ground that the owner of the truck was an independent contractor and not an employee. In addition, all of the defendants assert that plaintiff was guilty of contributory negligence as a matter of law, that the trial court erred in giving certain instructions and withholding others, and that the damage award is excessive as a matter of law.

■■ There is substantial evidence to support the finding by the jury that the driver of the truck was negligent. A driver has a clear duty of care toward pedestrians, and he is required to exercise greater caution in a school yard than under ordinary circumstances. (*Lampton* v. *Davis S. Bread Co.*, 48 Cal. App. 116 [191 Pac. 710].) He was familiar with the courtyard where the accident occurred, and knew that children frequently ran across the area. He nevertheless drove around the blind corner without sounding his horn or giving other warning at a rate of about twenty-five miles per hour, five miles in excess of the *prima facie* speed limit set by the Vehicle Code, thereby causing injury to the plaintiff.

There is likewise sufficient evidence to justify the finding of negligence on the part of defendant school district. It is the duty of the school authorities to supervise at all times the conduct of the children on the school grounds and to enforce those rules and regulations necessary to their protection. (*Bellman* v. *San Francisco High School Dist.*, 11 Cal. (2d) 576 [81 Pac. (2d) 894]; *Ogando* v. *Carquinez G. School Dist.*, 24 Cal. App. (2d) 567 [75 Pac. (2d) 641].) The school district is liable for injuries which result from a failure of its officers and employees to use ordinary care in this respect. (*Ibid.*) The evidence in this case establishes that the principal of the Castlemont High School knew for seven years of the practice of students in physical education classes to surge out of the gymnasium and run along the courtyard to the playground. The school authorities likewise knew that at least six delivery trucks came into the grounds every morning, seven other trucks once a week, and five more trucks every week or two. They nevertheless took no precautions to minimize the danger of injury to the students after the trucks had entered the grounds other than to issue an instruction to the custodian of the grounds to supervise the traffic that came on the grounds and to caution people to drive carefully. They failed to post a danger sign or to warn the students against running across the courtyard. The eighteen trucks were permitted to drive on the school grounds at all times subject to no safety regulations other than the general provisions of the Vehicle Code. "The question whether there has been negligence in permitting vehicles on school premises subject only to the provisions of the Vehicle Code relating to traffic on the highways is to be determined on the facts of each case." (*Taylor* v. *Oakland Scavenger Co.*, 12 Cal. (2d) 310 [83 Pac. (2d) 948].) It is not necessary to prove that the very injury which occurred must have been foreseeable by the school authorities in order to establish that their failure to provide additional safeguards constituted negligence. Their negligence is established if a reasonably prudent person would foresee that injuries of the same general type would be likely to happen in the absence of such safeguards.

The school district contends that the trial court failed to instruct the jury that if the school authorities were justified in relying upon the provisions of the Vehicle Code

as adequate for the protection of the children on the grounds and were not guilty of any negligence, the school district would not be liable. The trial court, however, covered this matter when it instructed the jury that the only basis for imposing liability on the school district is the negligence of its officers or employers, that the provisions of the Vehicle Code are applicable to vehicles on the school grounds in the absence of special regulations, and that the question whether the school authorities should have.imposed special regulations and conditions governing traffic on the grounds is one of fact to be determined in light of the conditions existing at the time of the accident. ▮ Nor is there merit in the argument of the school district that the trial court erroneously instructed the jury that the driver of the truck was not obligated to follow the provisions of the Vehicle Code applicable to the circumstances. The court quoted the relevant sections of the Vehicle Code to the jury, told them that such provisions were applicable to traffic on the school grounds in the absence of special regulations, and further instructed them that the driver of the truck had a clear duty to drive his truck on the school grounds ''at a careful and prudent speed, not greater than was reasonable and proper, under all the circumstances then and there existing', with special regard to the probability of encountering school children, moving, proceeding, walking or running upon said grounds and premises.''

▮ The trial court's use of language from the opinion of this court when this case was before it on demurrer (*Taylor* v. *Oakland Scavenger Co., supra*) in its instructions to the jury that the general provisions of the Vehicle Code may be inadequate for situations arising on school grounds likewise does not constitute error. The instruction was sound as a matter of law, and left to the jury the determination of the facts.

▮ One of the instructions to the jury as first given omitted the element of proximate cause. The trial court subsequently withdrew the erroneous instruction, re-read it to the members of the jury, told them to disregard it, and issued a proper one in its place. This method of substitution of instructions, the only practical one available to the court, does not constitute prejudicial error. (See 24 Cal. Jur. 867.)

▮ In instructing the jury that the school district was liable for the negligence of its officers and employees, the trial court used the language employed in section 2,801 of

the School Code and therefore did not impose a greater burden on the school district than that enjoined by law. Neither did it make the school district an insurer of the safety of its pupils, for it expressly instructed the jury that the district was not an insurer of the pupils and that the school authorities were required to exercise only ordinary care. Taken as a whole the instructions to the jury present the proper legal principles and contain no prejudicial error.

The school district maintains, however, that any breach of duty on the part of its employees was not a proximate cause of the injury to plaintiff because the negligence of the truck driver was an efficient intervening cause. Conversely, the Santuccis and the Scavenger Company contend that any breach of duty on the part of the truck driver was not a proximate cause of the injury because the negligence of the school authorities was an efficient intervening cause. ■ If an injury is produced by the concurrent effect of two separate wrongful acts, each is a proximate cause of the injury, and neither can operate as an efficient intervening cause with regard to the other. (Rest., Torts, secs. 432 (2), 439; *Lacy* v. *Pacific Gas & Electric Co.*, 220 Cal. 97 [29 Pac. (2d) 781]; *Smith* v. *Schwartz*, 14 Cal. App. (2d) 160 [57 Pac. (2d) 1386].) The fact that neither party could reasonably anticipate the occurrence of the other concurrent cause will not shield him from liability so long as his own negligence was one of the causes of the injury. (*Herron* v. *Smith Bros., Inc.*, 116 Cal. App. 518 [2 Pac. (2d) 1012]; *Sawdey* v. *Producers' Milk Co. et al.*, 107 Cal. App. 467 [290 Pac. 684].) ■ The arguments of defendants themselves make clear that more than one conclusion may reasonably be drawn from the conflicting evidence of this case, and the determination of the jury that the negligence of each defendant contributed concurrently to the plaintiff's injury cannot therefore be disturbed on appeal. (*Lacy* v. *Pacific Gas & Electric Co.*, *supra; Smith* v. *Schwartz*, *supra.*)

■ The defendants are united, however, in the contention that the plaintiff was guilty of contributory negligence as a matter of law. The jury found plaintiff not guilty of contributory negligence. ''Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of

the plaintiff contributing to his injury." (*Smellie* v. *So. Pac. Co.,* 212 Cal. 540 at 562 [299 Pac. 529] ; *Flores* v. *Fitzgerald,* 204 Cal. 374 [268 Pac. 369].) Plaintiff is bound only to that duty of care which a normal child of the same age would be expected to exercise in such a situation. (*Anderson* v. *Walters,* 135 Cal. App. 380 [27 Pac. (2d) 100] ; 19 Cal. Jur. 605.) The question is not whether plaintiff must be viewed as an adult or as a child but simply whether the plaintiff as a fifteen year old girl in a physical education class on the grounds of a high school, used mainly for school activities and not as a thoroughfare for automobiles, exercised proper caution in running across the courtyard toward the athletic field without being on the alert for the sudden appearance of a motor vehicle. The answer is not so obvious that this court can say as a matter of law that the jury was unjustified in finding plaintiff free from fault (*Shannon* v. *Central-Gaither U. School Dist.,* 133 Cal. App. 124 [23 Pac. (2d) 769]), particularly when the record shows that plaintiff had never seen automobiles or trucks pass the gymnasium while children were on the school grounds. There is evidence indicating that it was customary for most of the children in the physical education classes to run across the courtyard to the athletic field. To hold that the plaintiff was guilty of contributory negligence as a matter of law is to hold that a majority of average children in a like situation have been acting in a negligent manner, a result which contradicts the very standard utilized in determining the existence of negligence.

The Oakland Scavenger Company contends that under its contract with Oresti Santucci the latter was an independent contractor and that it therefore is not liable for any negligence of the truck driver. It points out that the truck was not owned by it but by Santucci and that it exercised little supervision or control over the collection and disposal of the garbage by Santucci. Plaintiff introduced in evidence not only the garbage ordinance of the City of Oakland (852 N. S.), which makes it unlawful for any person other than a contractor with the city or a person in the employ of such contractor to collect garbage within the city; but the contract between the City of Oakland and the Oakland Scavenger Company in which it was agreed that any person collecting garbage for the Scavenger Company was to be considered an

employee of such company. Plaintiff introduced also the contract between the Oakland Scavenger Company and Oresti Santucci which is expressly made subject to all regulations and ordinances of the City of Oakland, as well as to the requirements of other contracting parties with the Scavenger Company. It requires Oresti Santucci to keep his trucks insured against damage to persons and property in order to protect the Scavenger Company from any claim that might arise against it because of his accidental or wilful misconduct, to keep his truck numbered and painted in a uniform color to be determined by the Scavenger Company, and to supply his collectors with a special badge bearing a serial number determined by the Scavenger Company.

An employer is generally liable for negligent acts of an employee performed within the scope of employment, but if an independent contractor rather than master and servant relationship exists, the independent contractor usually is alone liable for his negligent acts. If, however, an individual or corporation undertakes to carry on an activity involving possible danger to the public under a license or franchise granted by public authority subject to certain obligations or liabilities imposed by the public authority, these liabilities may not be evaded by delegating performance to an independent contractor. The original contractor remains subject to liability for harm caused by the negligence of the independent contractor employed to do the work. (Rest., Torts., secs. 417, 428; *Snow* v. *Marian Realty Co.*, 212 Cal. 622 [299 Pac. 720] ; *Luce* v. *Holloway,* 156 Cal. 162 [103 Pac. 866] ; *Colgrove* v. *Smith*, 102 Cal. 220 [36 Pac. 411, 27 L. R. A. 590] ; *Spence* v. *Schultz*, 103 Cal. 208 [37 Pac. 220] ; *Chicago Economic Fuel Gas Co.* v. *Myers*, 168 Ill. 139 [48 N. E. 66] ; *Cotton* v. *Ship-By Truck Co.*, 337 Mo. 270 [85 S. W. (2d) 80, 81] ; *West* v. *St. Louis et al.*, 63 Ill. 545; *Murray* v. *Lehigh Valley R. Co.*, 66 Conn. 512 [34 Atl. 506, 32 L. R. A. 539] ; 39 C. J. 1338.) The Oakland Scavenger Company was franchised by the city to carry on an activity requiring the operation of large motor vehicles upon the public streets which clearly involved the risk of danger to the public. The city, by ordinance and by contract with the Scavenger Company, enunciated a rule of policy to the effect that as a condition of exercising the franchise the Scavenger Company must assume master and servant liability for the acts of per-

sons engaged by it to collect garbage. Both the ordinance and the contract are admissible to establish this rule of policy. While they do not establish that Santucci was an employee of the Scavenger Company rather than an independent contractor, they fix a liability upon the Scavenger Company which it cannot escape by delegating performance to an independent contractor.

■ Plaintiff introduced the contract between the Scavenger Company and Oresti Santucci for the purpose of showing that these parties themselves contemplated an employer-employee relationship. The Scavenger Company remains liable whether or not this contract actually established such a relationship, but plaintiff could properly introduce the contract in evidence in an attempt to establish the existence of a master and servant relationship as one basis of liability. The incidental disclosure by the contract that Santucci was insured does not render it inadmissible since proper grounds exist for its admission. (*Schellenberg* v. *Southern Cal. Music Co.*, 139 Cal. App. 777 [35 Pac. (2d) 156]; *Perry* v. *A. Paladini, Inc.*, 89 Cal. App. 275 [264 Pac. 580].)

■ Any misconduct which may have existed on the part of plaintiff's attorney in questioning one of defendants' witnesses concerning an attempt to photograph the plaintiff without her knowledge is not sufficiently prejudicial to justify reversal, especially since the trial court refused to grant a new trial on this ground. (See *Imlay* v. *California Cab Co.*, 124 Cal. App. 68 [11 Pac. (2d) 1116]; *Alberts* v. *Lytle*, 1 Cal. App. (2d) 682 [37 Pac. (2d) 705].)

■ In view of the serious injury to plaintiff's foot with the accompanying pain, worry, embarrassment and restriction of activity, as well as the possibility of eventual loss of the foot, the damages as finally assessed by the trial court are not excessive as a matter of law.

The judgment of the trial court is affirmed.

Edmonds, J., Curtis, J., Carter, J., and Gibson, C. J., concurred.