[Civ. No. 7805.   Third Dist.   June 6, 1951.]

E. H. HARPER, as Guardian Ad Litem etc., Respondent, v. VALLEJO HOUSING AUTHORITY (a Corporation), Appellant.

Dunnell, Herbert & Dunnell for Appellant.

Taft, Wright & Hopkins for Respondent.

VAN DYKE, J.—This action was brought by E. H. Harper as guardian *ad litem* of his daughter Mary, a minor, who at the time of the accident, wherein she received the injuries on account of which this suit was brought, was an infant 2 years of age. Her parents were tenants of a dwelling leased to them by the appellant Vallejo Housing Authority and situated within a housing project known as Chabot Acres in Vallejo. In various places within the project were areas designated on the plat of the project as playgrounds or play areas and one of these was the scene of the accident. The area, which lies between two rows of project houses, is located off the street, but ramps over street gutters give vehicular access to it. A portion of the area, measuring about 50 x 150 feet, had been paved, and close to the block of pavement there had been installed a structure made up of iron pipes or bars which the witnesses called "monkey bars." These things were done by the Authority. Children used the monkey bars; both adults and children used the paved area for recreation. Over the course of several years before the accident the Authority had permitted, or at least knowingly acquiesced in, the use of the entire area by persons desiring to park motor vehicles, to repair them, and in some instances to garage them in small garages located about the area by the owners of these vehicles. At the time of the accident defendant Joe Robbins was moving a motor vehicle in close proximity to the paved area and to the monkey bars. While backing up his vehicle he ran against the minor, Mary Harper, inflicting physical injury. A few minutes before she was hurt the child had been playing at the bars. When struck she and two other children were walking across the area. A jury returned a verdict in the sum of $1,750 in favor of plaintiff and respondent. Both the suit and the recovery were limited to general damages suffered by the minor. Robins has not appealed.

The negligence of which the Authority was alleged to have been guilty was that of permitting the recreational area to be so used by drivers and owners of motor vehicles as to render the area dangerous and defective for recreational use.

That such conduct on the part of those in charge of such an area may constitute actionable negligence has been held by the appellate courts of this state in a number of cases. (See *Bauman* v. *San Francisco,* 42 Cal.App.2d 144 [108 P.2d 989]; *Taylor* v. *Oakland Scavenger Co.,* 17 Cal.2d 594 [110 P.2d 1044].)

■ Appellant contends that as a matter of law no dangerous nor defective condition existed on the premises at the time the accident occurred. We think this question was one of fact for the jury to determine, and that the evidence furnishes support for its determination. What constitutes a dangerous or a defective condition cannot be settled by hard and fast rules. Each case must depend upon its own state of facts; and it is generally a question of fact for the jury to determine. (*Bauman* v. *San Francisco, supra.*) As stated by the court in the cited case:

". . . The jury was justified in finding that the playground was dangerous and defective for any of the following reasons: That the playground was rendered dangerous or defective by the negligence of appellant in permitting the playing of hard baseball in dangerous proximity to the sand box; that under the circumstances here existing it was the duty of appellant, if hard baseball was to be permitted to be played in the north end of the field, to erect some barrier for the protection of those playing in the small children's section; or the appellant negligently failed to properly supervise the playground by either failing to prevent the boys from playing hard baseball in dangerous proximity to the small children's section or in negligently failing to keep the small children away from the sand box while hard baseball was being played nearby. There can be no doubt that a dangerous or defective condition can be created by the use or general plan of operation of government operated property, as well as by structural defect. (*Huff* v. *Compton City Grammar School Dist.,* 92 Cal.App. 44 [267 P. 918].)"

We think what has been quoted is applicable to the situation presented by the record here. Not only was the play area between the rows of houses originally intended for use as such by the Authority operating the project, but to its knowledge it had been used as such and it had indicated that such was at least one of its main purposes by improving a portion as stated heretofore and by the installation of the monkey bars for the use of children. To permit concurrent use by owners of motor vehicles, even to a limited extent, could by

the jury have been found to have created a continuous, dangerous condition.

■ Appellant contends that any negligence upon its part cannot be held here to have been a proximate cause of the minor's injuries. The same contention was made in *Taylor* v. *Oakland Scavenger Co., supra,* a schoolyard case. The injury had been inflicted by the truck of the scavenger company and both the company and the school district had been held liable. Each defendant argued that the negligence of the other was the only proximate cause of the injury and the court said:

". . . If an injury is produced by the concurrent effect of two separate wrongful acts, each is a proximate cause of the injury, and neither can operate as an efficient intervening cause with regard to the other. . ... The fact that neither party could reasonably anticipate the occurrence of the other concurrent cause will not shield him from liability so long as his own negligence was one of the causes of the injury."

What is there said answers the contention of the appellant here with respect to proximate cause.

■ Appellant contends that the minor child stood in the shoes of its parents, and was entitled to recover only if the parents were so entitled if one of them had been injured. But the liability of the appellant was grounded upon that of a possessor of land "who leases a part thereof and retains in his own possession any other part which the lessee is entitled to use as appurtenant to the part leased to him." Such a possessor "is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for bodily harm caused to them by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe." (Restatement of Torts, § 360.) ■ We are not concerned here with liability to the lessee nor with any negligence of the parents in permitting the child to go upon the playground area for the parents sought no recovery here; and if they were negligent in respect of their care of the child still "A child is not barred from recovery by the contributory negligence of its parents either in their custody of the child or otherwise." (Restatement of Torts, § 488.)

■ Appellant contends that a release clause contained in

the lease executed by the minor's parents and by the Authority whereby the dwelling in which the parents and the minor lived was leased by the Authority to them constitutes a bar to the child's recovery here. That clause read as follows: "The tenant agrees to release the landlord . . . from liability for any injury to the tenant or the members of his household, resulting from any cause whatsoever, excepting only any such injury or damage resulting from the wilful acts of such representatives, agents and employees" The release is unavailing to protect the appellant from its negligent injury of the minor child. It is executed by the parents and covers those matters which on their own behalf they purported to cover by it. We may assume here that it would bar them from recovering damages accruing to themselves, as for medical, surgical and hospital expenses in caring for their injured child. But this is a suit by the child through her guardian *ad litem* for injuries suffered to herself from the accident. The parents did not by the release attempt to contract away the child's rights. It is unnecessary to discuss the question of whether or not they could lawfully have done so.

No claim for damages was filed by or in behalf of the minor with the appellant or with any governmental agency, and appellant contends that this is fatal to the cause of action.
The tort liability of Housing Authorities was given extended consideration in the case of *Muses* v. *Housing Authority*, 83 Cal.App.2d 489 [189 P.2d 305], and it was there held that such Authorities, although state agencies, are in truth and in fact business enterprises and are liable for their torts. The Supreme Court denied a petition for a hearing. We find ourselves in agreement with the ruling made in that case and hold that the appellant here was engaged in a business enterprise and was liable for its negligence therein.
It is not a general rule that, where a public agency is liable in tort, claims must be filed with the governing authority before action can be brought. If there is liability it follows that the injured person has a cause of action to enforce the same. And if the Legislature has not seen fit as to any public agency to require the filing of a claim precedent to action then no such condition is imposed. The support, therefore, for this contention of appellant that a claim must have been filed must be found in a statute which so declares.
The act creating Housing Authorities (2 Deering's Gen. Laws, Act 3483) and other legislative enactments applicable to them contain no requirements that claims against

them shall be filed with the governing body thereof. Their obligations are by the Legislature declared not to be debts of the city or county in which they operate nor of the state nor of any subdivision thereof, and it is further declared that those bodies shall not be liable thereon. (2 Deering's Gen. Laws, Act 3483, § 14.) None of the claims statutes declare expressly that Housing Authorities are within their provisions.

An examination of the claims statutes discussed in the briefs shows the following: Claims against the state are governed by Government Code, sections 16000-16054. These sections apply to proprietary activities of the state. (*People v. Superior Court,* 29 Cal.2d 754 [178 P.2d 1].) It is apparent that the sections have to do with claims enforcible against the state through suits culminating in judgments and it is equally apparent that the provisions of these sections could not apply to such an action as the case at bar which is upon a liability which the statute has expressly declared shall not be the liability of the state. It is also suggested that the action comes within the embrace of Act 5149 of the General Laws [now substantially incorporated in Gov. Code, § 53050 et seq.] dealing with liability in damages of municipalities, counties, cities and counties and school districts where the injuries result from a defective or dangerous condition of public property. It is contended in this respect that the Authorities are municipalities within the meaning of the act referred to. A consideration of the legislation creating the Authorities shows that they cannot be held to be municipalities within the meaning of the claims legislation referred to. They bear no resemblance to what we commonly refer to as a municipality, and although they are declared by the act of their creation to exercise governmental functions, we see nothing in that language justifying their inclusion within the statutes as municipalities. We conclude that neither expressly nor by implication do the various claims statutes brought to our attention in the briefs and considered by us independent thereof require the filing of any claim as a condition precedent to an action against a Housing Authority.

Appellant further contends that the court erred in refusing to give two instructions requested by it at the trial of the action. By the first instruction they asked the court to tell the jury that the Housing Authority owed the plaintiff here no duty to restrict the use of the playground nor to barricade against motorists driving over it. This part of the instruction clearly would have instructed the jury upon a question of

fact which, as we have held, was for its determination and the court therefore properly refused that part of the instruction. By the rest of the requested instruction the court would have told the jury that the playground was neither dangerous nor defective just because it was so constructed that motor vehicles could be readily driven upon it. The negligence complained of was in the allowance by the Authority of the use of the playground area by motor vehicles, and no contention was advanced, at least during the trial of the action, that there was any actionable negligence in the matter covered by the instruction. The court, therefore, properly refused to instruct upon a matter which in reality was foreign to the issues.

The next instruction complained of would have had the trial court tell the jury that if the recreational apparatus, the "monkey bars," were visible and obvious then the Authority was under no duty to provide fences or barriers for the purpose of apprising individuals of the presence of said recreational apparatus. This requested instruction is as little applicable to the facts and issues as the one we have just discussed. Certainly an appellate court would not be justified in reversing a judgment otherwise properly arrived at through a refusal to give these instructions, in view of the fact that the record shows the jury to have been fully instructed upon the law applicable to the issues they were to resolve.

The judgment is affirmed.

Adams, P. J., and Deirup, J. pro tem., concurred.