[Civ. No. 5621. Fourth Dist. Apr. 1, 1958.]

BERTHA V. BROWN, Respondent, v. THE FIFTEENTH DISTRICT AGRICULTURAL FAIR ASSOCIATION, Appellant.

Borton, Petrini, Conron & Brown, Edmund G. Brown, Attorney General, Walter S. Rountree, Assistant Attorney General, and Delbert E. Wong, Deputy Attorney General, for Appellant.

Conron, Heard & James for Respondent.

BARNARD, P. J.—The defendant has appealed from a judgment based on a jury's verdict awarding the plaintiff $4,000 damages for personal injuries, and from an order denying its motion for a judgment notwithstanding the verdict. The appeal is taken upon a clerk's transcript and an agreed statement.

The accident occurred on October 1, 1954, on the grounds of the defendant while it was conducting an agricultural fair. The plaintiff was a patron at the fair, having purchased a ticket for admission. The complaint alleged, among other things, that the plaintiff was in the process of walking in a public freeway maintained by the defendant leading to the horse show arena; that the defendant so negligently maintained this passageway as to allow an open ditch to traverse a portion of said freeway; and that as a result the plaintiff tripped and fell while passing over the same. In the agreed statement the parties agreed that this accident took place on the public grounds of the defendant district during the progress of a fair; that the fair and the public grounds were under the direction, supervision and maintenance of the defendant; that the plaintiff was a business visitor at the fair; that just prior to the accident the plaintiff had purchased a coca cola drink at a private concession; that at the time of the fall she was walking upon the public grounds of the defendant and proceeding directly toward the horse show, and that the horse show grandstand and arena were located about a block and a half from the point where the plaintiff tripped by reason of the presence of a ditch. It is conceded that no notice of a claim was or has been filed with the defendant district or with the State of California.

It is first contended that the defendant district is the State of California within the meaning of the law governing suits

against the state; that as such it is immune from suit if it was acting in a governmental capacity; and that if it was operating in a proprietary capacity it cannot be sued without the prior presentation of a claim. It is argued that the defendant district is in fact and reality the State of California, since its directors are appointed by the governor and its operations are largely controlled by the Department of Finance of the state as provided for in section 80 and subsequent sections of the Agricultural Code; that it is a state institution and state agency, citing *People* v. *San Joaquin Valley etc. Assn.*, 151 Cal. 797 [91 P. 740] and *Bettencourt* v. *State*, 123 Cal. App.2d 60 [266 P.2d 201, 43 A.L.R.2d 545], and as such is immune from suit insofar as its governmental activities are concerned; and that if the injury here in question arose from an activity which was proprietary in nature the prior filing of a claim was required by sections 16041 and 16044 of the Government Code.

The contention that the defendant district is the State of California within the meaning of the law governing suits against the state itself cannot be sustained. While such districts are agencies of the state for certain purposes, they are not such a part of the state itself as to require that a suit against one of them be considered as a suit against the state. No cases are cited, and we have found none which would support that contention. Suits against various districts which act as agencies of the state, and in which the state itself was not made a party, have long been recognized in many decisions in this state.

It is now well settled that such agencies of the state are liable for negligence in connection with their proprietary activities when permission to sue may be traced to any statute. (*Guidi* v. *State*, 41 Cal.2d 623 [262 P.2d 3] ; *Pianka* v. *State*, 46 Cal.2d 208 [293 P.2d 458].) And if the plaintiff was injured as a result of proprietary activities engaged in by the defendant at the time in question the claim requirements of sections 16041 and 16044 of the Government Code would not be applicable in a suit against such a district, since those provisions apply only to a suit against the state itself.

It is next contended that if the defendant district is not "the state" it is an agency of the state, and the maintenance of its streets is a governmental function and it is therefore immune from suit since there is no enabling act permitting a suit against it. It is argued that there is no enabling act permitting a suit against an agricultural fair association because the general enabling provisions contained in section

53050 and 53051 of the Government Code apply, by their own terms, only to cities, counties and school districts; that the undisputed evidence here is that plaintiff's injuries were the result of a depression or ditch in the "public freeway" or street on the public grounds of the defendant district during the progress of a fair; that it thus appears that her fall took place as a result of a defective condition upon a public freeway or street maintained by the defendant for all fair visitors; and that under all the authorities the maintenance of public streets is exclusively a governmental and not a proprietary function.

This was not merely a public street in the usual sense of streets and roads, in connection with which counties and cities are charged with the responsibility of maintenance. While it was a public passageway maintained on the grounds of the defendant it may be assumed on the record before us that it was maintained to enable the public to go from one part of the grounds to another in connection with both proprietary and governmental activities carried on by the defendant district. Such a district may, and usually does, carry on both proprietary and governmental activities (*Guidi* v. *State, supra*). The fact that the place where this injury occurred was referred to in the complaint as a public freeway is not conclusive that this injury occurred in connection with a governmental activity. All of the evidence is not before us, and the agreed statement merely states that the injury took place on the fair grounds during the progress of a fair while the plaintiff was on her way from a concession where drinks were sold, with the intention of visiting the horse show at the location of the grandstand and arena. So far as shown by the record this injury may have occurred in connection with the amusement and entertainment activities of the fair, and under the authorities cited this agency would be subject to suit. In the absence of other evidence, it may be assumed in support of the judgment that this "public freeway" was merely a passageway between the entertainment features of the fair.

Section 53050 and 53051 of the Government Code do not authorize a suit against a district agricultural fair association since by their own terms they are made applicable only to cities, counties and school districts, and for the same reason the requirement for filing a verified claim with the legislative body of the agency within 90 days, contained in section 53052, is not here applicable. However, section 86 of the Agricultural Code, which is a part of the statutory provision

for the organization of the defendant district, provides that such a district may be sued, with no limitation excluding a tort action, and no provision requiring the filing of such a claim is contained in that code. As was said in *Harper* v. *Vallejo Housing Authority*, 104 Cal.App.2d 621 [232 P.2d 262] : ". . . if the Legislature has not seen fit as to any public agency to require the filing of a claim precedent to action then no such condition is imposed." There is a statute authorizing the bringing of this action and no statute requiring the filing of a claim as a preceding condition. Neither of the points raised by the defendant can be sustained. The defendant expressly disclaims any intention to question the finding of the jury as to the existence of the defective condition, the occurrence of the accident, or that the plaintiff's injuries were a proximate result of the accident.

The defendant attempted to appeal from four other orders which are not appealable, and those appeals should be dismissed. The judgment and the order denying the defendant's motion for a judgment notwithstanding the verdict are affirmed, and the appeals from the other orders are dismissed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 27, 1958.