[Civ. No. 17662.   First Dist., Div. Two.   Jan. 27, 1959.]

GAIL JOHNSTON, Respondent, v. KEY SYSTEM TRANSIT LINES (a Corporation), Appellant.

384

Hardin, Fletcher, Cook & Hayes, Cyril Viadro, George E. Thomas and Donahue, Richards & Gallagher for Appellant.

Barnard Allard and Leon G. Seyranian for Respondent.

DOOLING, J.—Defendant appeals from a plaintiff's judgment in an action for wrongful death. Respondent's son was a passenger in an automobile which was struck by a train operated by appellant at the intersection of 28th and Poplar Streets in Oakland. The son died as a result of this collision.

The collision occurred a few minutes after midnight on June 19, 1955. The automobile, driven by Richard Schuler, was proceeding easterly on 28th Street and despite the fact that there were three warning signs of various types at and before the intersection it did not stop or slacken speed before the collision with the train. The train was traveling northerly on Poplar Street and, although its brakes were set, the track was being sanded and the motor was in reverse, it carried the automobile 401 feet from the point of impact before it came to a stop.

Appellant concedes that there was evidence from which the jury could find that the train was traveling at a negligent speed and that no warning of any sort was sounded before the collision. The intersection was a blind one with a building flush to the curb on the corner between the automobile and train as they approached one another. There was testimony that neither Schuler nor the other passenger in his automobile saw the warning signs as the automobile approached the intersection.

While conceding that the jury could have found that the train was negligently operated at an excessive speed and without any warning signal of its approach to the crossing being sounded appellant argues that there was no basis in the evidence for the jury's finding that this negligence was a proximate cause of the collision.

It may be conceded that Schuler was negligent in the driving of his automobile and that his negligence was a proximate cause of the collision, but where the concurrent negligence of two parties proximately contributes to cause an injury neither can escape liability because of the negligence of the other. (*Taylor* v. *Oakland Scavenger Co.*, 17 Cal.2d 594, 602 [110 P.2d 1044]; *Deshotel* v. *Atchison, T. & S. F. Ry. Co.*, 144 Cal.App.2d 224, 231 [300 P.2d 910].) Appellant

in view of this rule is driven to the argument that even if a warning signal of the approach of the train had been sounded Schuler would have disregarded it and driven onto the track in front of the approaching train. A similar argument was made in *Johnson* v. *Southern Pac. Co.*, 105 Cal.App. 340 [288 P. 81]. The court in that case said at pages 348-349:

"Thus, if it be conceded, as it must be, that Jack Salyer, as the driver of the automobile, was guilty of gross negligence in failing to stop, look and listen for the approach of the train, yet the jury was warranted, under the testimony, in coming to the conclusion that had the proper signals been given, then and in that case Jack Salyer would have heard the same and taken proper precautions to avert the accident; or at least, that the deceased Hallie Lindsley Johnson would have heard the signals of the approaching train and taken such precautions, in the way of warning Jack Salyer of the approach of the train, as might or would be reasonably necessary to insure his own safety. With these premises in view, there is sufficient testimony . . . to support the judgment that notwithstanding Jack Salyer's negligence, the negligence of the defendants proximately contributed to the death of Hallie Lindsley Johnson . . ." (*Cf. Peri* v. *Los Angeles Junction Ry.*, 22 Cal.2d 111, 126-127 [137 P.2d 441]; *Quiroga* v. *Southern Pac. Co.*, 130 Cal.App.2d 93, 101 [278 P.2d 80].)

None of the cases cited by appellant to support its argument that there was no evidence that its negligence was a proximate cause of the accident is factually in point and we are satisfied that the jury could properly find that its negligence was a proximate cause of the fatality.

Appellant also complains of the cross-examination of its trainmen as to the number of stops made and time thereby consumed between 12th and Oak Streets and the scene of the collision on the ground that the distance between the two points was not established. This ground of objection was not urged to the trial court, the objection voiced being that the evidence was incompetent, immaterial, irrelevant and too remote. ■ The burden is on a party to specify the ground of his objection to the trial court and he cannot on appeal rely on a ground of objection not so urged. (3 Cal.Jur.2d, Appeal and Error, § 157, pp. 636-637.) It is obvious that if the objection urged on appeal had been presented in the trial court respondent could readily have supplied the proof of the absence of which appellant now seeks to complain.

Appellant also urges a number of instances of alleged misconduct of counsel for respondent.

■ In the opening statement counsel promised to introduce an ordinance regulating the speed of the train. He attempted to do so on the trial but appellant's objection to its introduction was sustained. There is no showing that respondent's offer of proof in this particular was not made in good faith.

■ Counsel for respondent at one point in his argument to the jury said: "I am not out after a big monster. Don't misunderstand me. I am not pointing at a wicked corporation . . ." No objection was made to this statement at the time and it was not of such a character that a timely admonition would not have been effective.

■ Counsel's comments on the fact that the train with its brakes set dragged the automobile 401 feet and that the weight of the automobile would add to the train's braking power was a legitimate argument of an inference which might reasonably be drawn by the jury from the physical facts.

The evidence showed that no improvements had been made in the braking system of the train over a period of years. When counsel referred to this fact in argument the court sustained appellant's objection stating that there was no evidence "as to whether the equipment was adequate or inadequate, or could or could not have been improved upon, and certainly raises an issue that I don't think is in the case." No further admonition was requested of the court and counsel for respondent accepted the ruling.

■ Counsel for respondent did not go beyond the realm of legitimate argument in calling the jury's attention to the fact that passengers on the train had not been called by appellant as witnesses or that a police officer whom appellant had subpoenaed was not put upon the stand. (*Freitas* v. *Peerless Stages, Inc.*, 108 Cal.App.2d 749, 761 [239 P.2d 671, 33 A.L.R.2d 778].)

■ A reference was made in argument to the fact that ". . . Schuler's brakes weren't in good shape either." The court sustained an objection that there was no evidence on this point and while the jury was not expressly admonished to disregard the argument, as reasonable persons, they could only understand the ruling of the court to have that effect, particularly in view of the fact that the jury received the standard instructions that arguments of counsel are not evi-

dence and that they should disregard statements of the attorneys not supported by the evidence.

We find no support in the record for any of appellant's claims of prejudicial misconduct.

The final claim is that the damages, even as reduced by the court, are excessive and the result of passion and prejudice. The jury awarded $75,000. Respondent accepted a reduction ordered by the court to $37,500. Decedent was 16 years of age. His mother, a widow, was 45 years of age.

■ In reducing the damages on motion for new trial the court must have held that while, in the court's opinion the award was excessive, the verdict for plaintiff was not the result of passion and prejudice. (*Hughes* v. *Hearst Publications, Inc.*, 79 Cal.App.2d 703, 705 [180 P.2d 419] and cases cited.) The order of the trial court on motion for new trial is entitled to be given great weight by the appellate court. (*Johnston* v. *Long*, 30 Cal.2d 54, 76 [181 P.2d 645] ; *Deshotel* v. *Atchison, T. & S. F. Ry. Co., supra,* 144 Cal.App.2d 224, 230.) ■ We cannot say that the award in this case is so disproportionate to the injury suffered as to shock the conscience. (*Daggett* v. *Atchison, T. & S. F. Ry. Co.,* 48 Cal.2d 655, 666 [313 P.2d 557].)

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 25, 1959.