[Civ. No. 26215.   Second Dist., Div. Three.   Mar. 11, 1963.]

MATHILDE TYHURST, Plaintiff and Appellant, v. HOUS-
ING AUTHORITY OF LOS ANGELES COUNTY, De-
fendant and Respondent.

Cleveland & Erpelding and John W. Erpelding for Plain-
tiff and Appellant.

Kinkle, Rodiger, Graf & Dewberry, William B. Rodiger
and Eugene R. Grace for Defendant and Respondent.

FORD, J.—The defendant, Housing Authority of Los An-
geles County, made a motion for judgment on the pleadings,
which was granted.   The plaintiff has appealed from the
ensuing judgment.

The action was filed on December 21, 1960.   It is one
to recover damages for personal injuries alleged to have been
suffered by the plaintiff on or about April 9, 1960, as the
result of the defendant's negligence.   The complaint does not

allege that the plaintiff presented a claim for damages to the defendant. In 1951 it was held in *Harper* v. *Vallejo Housing Authority*, 104 Cal.App.2d 621, 626-627 [232 P.2d 262], that the filing of such a claim with the housing authority was not necessary because no statute so required. However, section 710 of the Government Code was enacted in 1959 and it provides as follows: ''No suit for money or damages may be brought against a local public entity on a cause of action for which this chapter requires a claim to be presented until a written claim therefor has been presented to the entity in conformity with the provisions of this article.'' Section 700, enacted at the same time as part of the same chapter, is as follows: ''As used in this chapter, 'local public entity' includes any county or city and any district, local authority or other political subdivision of the State but does not include the State or any office, officer, department, division, bureau, board, commission or agency thereof claims against which are paid by warrants drawn by the Controller.'' The nature of the defendant in the present case is such that it falls within that definition of a local public entity. (See *Harper* v. *Vallejo Housing Authority*, supra, 104 Cal.App.2d 621, 627; Health & Saf. Code, § 34353; McDonough, *The New Claims Statute* (1959) 34 State Bar J. 964, 966.) Section 34380 of the Health and Safety Code, enacted in 1959, provides that all claims against the authority for money or damages are governed by the provisions of the Government Code relating to claims (commencing with § 700).

The plaintiff concedes that no claim was ever presented to the defendant. She seeks to avoid the effect of the statutory provisions as to the presentation of claims by recourse to section 704 of the Government Code.[1] But that section has no application where formerly there was no statutory requirement that a claim be presented. Its purpose is to provide ''a 'grace period' until July 1, 1964, during which a claim mistakenly presented in compliance with a statute, charter

---

[1] Section 704 of the Government Code, enacted in 1959, is in part as follows: ''A claim against a local public entity presented in substantial compliance with any other applicable claims procedure established by or pursuant to a statute, charter or ordinance in effect immediately prior to the effective date of this chapter shall satisfy the requirements of Articles 1 and 2 of this chapter, if such compliance takes place before the repeal of such statute, charter or ordinance or before July 1, 1964, whichever occurs first.''

or ordinance which was in effect on September 18, 1959, when the new claims statute went into effect, and which has not been formally repealed when the claim is presented will be valid." (McDonough, *The New Claims Statute* (1959), *supra,* 34 State Bar J. 964, 968.) In the absence of an allegation of facts showing a compliance with the pertinent provisions of the Government Code relating to the presentation of claims for damages, the plaintiff has failed to state a cause of action. (See *Dias* v. *Eden Township Hospital Dist.,* 57 Cal.2d 502 [20 Cal.Rptr. 630, 370 P.2d 334].) In granting the motion for judgment on the pleadings the court did not err. (See *Rannard* v. *Lockheed Aircraft Corp.,* 26 Cal. 2d 149, 151 [157 P.2d 1].)

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.