Mrs. Wanda **TAYLOR** et vir, Appellants,

v.

**GILBERT GERTNER ENTERPRISES,**
Appellee.

No. 15757.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 15, 1971.

Rehearing Denied May 6, 1971.

Miller, Gann & Perdue, Jim M. Perdue, Joe L. Draughn, Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Russell Talbott, David J. Beck, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment granted the defendant in a personal injury case.

This action was begun by Mrs. Wanda Taylor, joined pro forma by her husband, against Gilbert Gertner Enterprises, the owner of the apartment project where Mrs. Taylor resided, and C & S Management Corporation, doing business as Apartment Washers, Inc., who owned the clothes washers and dryers installed in the project. Mrs. Taylor alleged that she suffered damages by reason of personal injuries suffered as a result of "an occurrence which took place at the Regency Park West Apartments * * * Said occurrence was brought about and caused to occur directly and proximately by the negligence of the Defendants, * * *"

After a summary judgment was granted to appellee, the cause of action as to C & S Management Corporation was severed.

By the summary judgment evidence it was developed that appellee leased certain space to Apartment Washers, Inc., who installed and maintained coin operated washers and dryers. There was evidence that air conditioning equipment was installed on the roof near the wash room and that the roof leaked causing water to accumulate on the floor. There was evidence that from time to time complaints were made to the Project Manager that the machines leaked. There was evidence that the concrete floor was slick when wet. Mrs. Taylor slipped on the wet floor and was injured.

Appellant's husband, R. R. Taylor, had signed a written lease agreement with Gilbert Gertner Enterprises whereby appellee let "unto lessee" Apartment No. 43 of Re-

gency Park West. Since the parties appear to be in agreement that validity of the summary judgment depends upon the question of whether an exculpatory clause in the lease is binding on appellant, we quote certain language found in the lease.

It begins, "This agreement, entered into as of the date shown below by and between the undersigned Lessor and the undersigned Lessee, witnesseth: * * *" The lease was signed by R. R. Taylor as Lessee. It contained a provision reading: "It is agreed that the demised premises may be occupied by the following (adult) persons, namely: *Mr. and Mrs. R. Ralph Taylor and son* and no others * * *"

Paragraph VI. of the lease reads:

"VI. Lessor shall not be liable to Lessee or to Lessee's family, employees, or guests, for any damage to persons or property caused by the act, omission, or negligence of any other Lessee in the Apartment Project, his family, employees or guests; Lessor shall not be liable for loss of or damage to any property of Lessee or of Lessee's family, employees or quests at any time located in the demised premises in the Apartment Project or on or in the lands and buildings constituting same, whether due to theft or suffered by reason of fire, water, rain, hail, lightning, explosion or any other cause."

Paragraph X. provides:

"X. Should Lessor furnish to Lessee any storeroom, use of laundry or any other facility or space outside of the demises premises, or should Lessee, his family, employees or guests use any such facilities with or without the consent of Lessor, the use thereof shall be wholly at the risk of the person using the same and Lessor shall not be liable for any injury to persons, or loss of or damage to property, from any cause."

Near the end of the instrument there is this provision: "Where this lease is executed by more than one party, or by a corporation or female, as Lessor or Lessee, in all references to Lessor and Lessee the singular shall be deemed to include the plural and the masculine the feminine and neuter, and the neuter the masculine and feminine. Where this lease is signed by more than one person as Lessee, all such persons shall be both jointly and severally liable for the payment of the agreed rental and for the performance of all covenants to be kept by Lessee hereunder." There follows in printed form designated lines for the signatures of the Lessee and Lessor. Three blank lines are provided for the signatures of the "Lessee".

Appellant was present when the lease was executed by the parties. She had looked at the instrument before her husband signed it. It specially provided that she was authorized to reside in the premises. There is no evidence that she was requested to sign as a "Lessee", and it is undisputed that she did not sign the instrument. In several places the lease refers to "Lessee, his family, employees, and guests". Nothing in the language of the lease, or the circumstances under which it was executed, indicates that it was intended that Mrs. Taylor be included in the term "Lessee" as used in the lease.

■ The relationship of principal and agent does not arise from the mere fact of the marital relationship, nor does that fact raise a presumption of such relationship. A husband may be shown to be the agent of his wife. Facts and circumstances might be produced which would require a finding that the wife is bound by the agreement of her husband. 41 Am.Jur.2d, Husband and Wife, § 233. However, this is a summary judgment, and the evidence is not such as to require a finding of fact that in executing this lease Mr. Taylor was acting both for himself and as agent for his wife.

■ It cannot be said as a matter of law that by accepting the benefits of the lease appellant has ratified the prior action

of her husband in agreeing that appellee would not be responsible for the injuries which she might receive as a result of appellee's negligence. There is a question under the evidence as to whether Mrs. Taylor knew that the lease contained such an agreement. The testimony that she looked at the lease was not an admission that she had read it in its entirety. She was under no duty to read it since she was not a party to the contract. She could not be held to have voluntarily assented to such a provision of the lease in the absence of proof that she knew its terms. Nor would the fact that she resided with her husband in premises provided by him be sufficient to raise, as a matter of law, an estoppel against her.

Article 4615, Vernon's Ann.Civ.St., provides that the recovery awarded for personal injuries to one spouse should be the separate property of that spouse with the exception of that portion of the award given as compensation for loss of earning capacity during marriage. Article 4621, V. A.T.S., provides that a spouse shall have sole management, control and disposition of money awarded to him, or her, as damages for personal injuries. Appellees contend that Article 4615, supra, is in direct conflict with Article 16, Section 15, of the Texas Constitution, Vernon's Ann.St. and is unconstitutional. No such attack is made on Article 4621, supra.

Prior to January 1, 1968, the date on which the last amendment to Article 4621 became effective, the husband had a statutory right to management and control of the community property and by reason of this fact it had been held that he had the power to release a cause of action for damages sustained by his wife without her joinder, and that a suit to recover such damages could be prosecuted only by the husband. Firence Footwear Co. v. Campbell, 406 S.W.2d 516 (Tex.Civ.App.—Houston 1966); Wright v. Wright, 220 S.W.2d 542 (Tex.Civ.App.—Texarkana 1949).

■ By reason of Article 4621, the basis for these decisions is no longer valid insofar as they relate to causes of action for the recovery of damages for personal injuries. When appellee negotiated the rental contract with Mr. Taylor, it was charged with knowledge that he had no authority to release a cause of action for personal injuries sustained by his wife. Few v. Charter Oak Fire Insurance Company, 463 S.W.2d 424 (Tex.1971); Gravis v. Physicians & Surgeons Hospital of Alice, 427 S.W.2d 310 (Tex.1968); Firestone v. Sims, 174 S.W.2d 279 (Tex.Civ.App.—Ft. Worth 1943, writ refused).

In view of this conclusion it is not necessary to consider the question of the constitutionality of Article 4615, supra. Neither do we reach the question as to the validity of this provision of the lease as being contrary to the public policy of this state. Whether valid or not the exculpatory clause does not release Mrs. Taylor's cause of action against appellee because she did not sign the lease containing the clause. If her rights are affected by the clause, the reason requiring such a holding must be established as a matter of fact.

■ Appellee contends that the exculpatory provision is not a release but, when read with the entire lease contract, is a grant of conditional permission to Mr. Taylor and his family to use facilities other than the demised premises. Appellee argues that the condition is that if the other facilities are used, the facilities will be used at the person's own risk and appellee will not be liable for any personal injuries or damages to that person.

It appears that the lease in question was prepared on a form used by the Houston Apartment Association. It consists of two pages of small print with appropriate blank spaces. It could be used for all types of apartment houses including multiple story buildings. Because of the incomplete state of the record it is not possible to determine what facilities or spaces outside of the de-

mised premises are necessarily used by the tenants. Apparently such facilities and spaces as lobbies, hallways, elevators and stairways would be included by the general language. It would not be reasonable to construe the contract as granting conditional permission to use facilities and spaces necessary to the enjoyment of the leased premises, and we do not so construe this lease.

Neither are we impressed by appellee's argument that if Mrs. Taylor is not bound by the terms of the lease, she had no right to be on the premises, and no right to use the washroom provided by the apartment owners for the use of their tenants, and that she was either a licensee or a trespasser.

 While the appellant did not raise the point, it appears that the washroom was leased to a tenant for use in conducting a commercial undertaking, the lease providing that the lessor would furnish the necessary plumbing, and that the lessor would keep the plumbing and the leased premises "in good condition, clean and in repair." Under this state of facts it appears that all of the tenant's customers would enjoy the standing of an invitee, and that the lessor was under a duty to the lessee's business visitors to exercise ordinary care to keep the premises in reasonably safe condition for use of business visitors. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (Tex.1950).

It is a rule of general application that a lessor retains control over premises used in common by different occupants of his property, and is subject to liability for injuries resulting from his failure to exercise reasonable care to keep such portions of the premises reasonably safe for the use of his tenants, their families, and their guests. Primus v. Bellevue Apartments, 241 Iowa 1055, 44 N.W.2d 347 (1950); Gulf Production Co. v. Quisenberry, 128 Tex. 347, 97 S.W.2d 166 (1936); Harper v. Vallejo Housing Authority, 104 Cal. App.2d 621, 232 P.2d 262 (1951); Valentin v. D. G. Swanson & Company, 25 Ill.App. 2d 285, 167 N.E.2d 14 (Appellate Ct. of Illinois, 1st Dist., 3rd Div.1960); Restatement of the Law, Torts § 360.

The trial court erred in sustaining appellee's motion for summary judgment because the exculpatory clause in the lease agreement was not enforceable against appellant, and appellee failed to produce summary judgment evidence sufficient to demonstrate the complete absence of all disputed material issues of fact.

Reversed and remanded.