John A. Grant, Jr. General Counsel Tampa Housing Authority Tampa
QUESTION:
Is a municipal housing authority a `state agency or subdivision' for the purposes of and within the scope of s. 768.28, F. S., as amended; and, if so, what effect does that statute have on the tort liability of the authority?
SUMMARY:
A municipal housing authority is included within the definitional scope of s. 768.28, F. S., as amended. Although a municipal housing authority may not have possessed sovereign immunity prior to the Legislature's waiver of sovereign immunity contained in s.768.28, as amended, the statute now expressly provides that the limitations of liability contained in the statute are applicable to all agencies and subdivisions of the state (as defined in s.768.28[2]) regardless of whether they possessed sovereign immunity prior to July 1, 1974. Therefore, pending judicial determination to the contrary, the provisions of s. 768.28, as amended, including the monetary limitations on tort liability set forth therein, are applicable to a municipal housing authority.
Section 768.28, F. S., as amended by Chs. 77-47 and 77-86, Laws of Florida, provides in part:
 In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. (Emphasis supplied.)
Section 768.28(5), as amended by s. 1, Ch. 77-86, Laws of Florida, establishes monetary limitations on the liability of `the state, its agencies and subdivisions.' Section 768.28(2) defines the phrase `state agencies and subdivisions' to include:
 . . . the executive departments, the legislature, the judicial branch, and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities. (Emphasis supplied.)
It seems clear that a municipal housing authority created and operating under Ch. 421, F. S., is within the purview of the above-quoted definition. Section 421.04(1), F. S., states in pertinent part:
 In each city as herein defined, there is hereby created a public body corporate and politic to be known as the `Housing Authority' of the city . . . . (Emphasis supplied.)
A housing authority created pursuant to Ch. 421 to perform `the public and essential governmental functions' set forth therein becomes operative when the governing body of the city declares a need for the housing authority to function (s. 421.04), and the mayor, with the approval of the governing body of the city, appoints the housing authority commissioners (s. 421.05). A municipal housing authority is legislatively declared to constitute `a public body corporate and politic' (s. 421.07), and is vested with some ordinary corporate powers as well as the power to, inter alia, issue debentures (s. 421.14), operate housing projects (s. 421.08(4)), and acquire real property by the exercise of eminent domain (s. 421.12). Therefore, there is no doubt but that a municipal housing authority is a public corporation or public quasi-corporation which discharges duties delegated to it by law within the boundaries of the municipality. See Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage Dist., 82 So. 346, 350 (Fla. 1919), and O'Malley v. Florida Ins. Guaranty Association, 257 So.2d 9 (Fla. 1971), in which the court listed housing authorities as examples of public corporations in Florida. Accord: Attorney General Opinion 077-92.
It should be noted, however, that no Florida court has determined whether or not a housing authority is subject to tort liability. This question has, however, been litigated in other jurisdictions, and a majority of courts have concluded that a housing authority does not possess sovereign immunity. See Muses v. Housing Authority of City and County of San Francisco, 189 P.2d 305 (Cal. 1948); Tyhurst v. Housing Authority of Los Angeles, 29 Cal.Rptr. 239
(Cal. 1963); Knowles v. Housing Authority, 95 S.E.2d 659 (Ga. 1956); Hill v. Housing Authority of Allentown, 95 A.2d 519 ( Pa. 1953); Goldberg v. Housing Authority of City of Newark,175 A.2d 433 (N.J. 1962); and also see Annot., 61 A.L.R.2d 1247 and cases cited therein. An examination of judicial decisions which have considered housing authorities laws virtually identical to Ch. 421, F. S., discloses that the courts have found that a housing authority was subject to tort liability because the activities of an authority were proprietary rather than governmental in nature.See, e.g., Muses v. Housing Authority, supra, in which the court noted that the business of a housing authority (i.e., providing low-income housing) was commercial in nature even though it was required to operate without profit, and that when the state
 steps out from its all supreme position as ruler and competes with industry or labor then, so far as tort liability is concerned, it must be held to be acting in a proprietary capacity and be subject to the same liability for its torts as private parties.
Compare Suwannee County Hospital Corp. v. Golden, 56 So.2d 911,913 (Fla. 1952), in which the court held that a hospital district was not possessed of sovereign immunity because its activities fell `more clearly in the category of `proprietary' functions than `governmental' . . .,' and Circuit Court v. Dept. of Nat. Resources, 339 So.2d 1113, 1115 (Fla. 1976), in which the court noted that Suwannee stood for the principle that `a public corporation whose functions are local rather than state-wide does not share the sovereign immunity of the state.'
However, in light of recent legislative amendments to the provisions of s. 768.28(5), F. S. (assuming the validity vel non
thereof), it appears that the monetary limitations on liability specified therein are now applicable to all state agencies and subdivisions of the state, as defined in s. 768.28(2), regardless of whether these agencies and subdivisions possessed sovereign immunity prior to July 1, 1974. See s. 1, Ch. 77-86, Laws of Florida, amending s. 768.28(5). Thus, in AGO 077-113, I stated, in part:
 . . . the statements in AGO 075-114 and AGO 076-41 to the effect that the liability limits of s. 768.28, Florida Statutes, do not apply to municipalities and hospital districts [because such entities possessed no sovereign immunity and have been held to be subject to tort liability] no longer obtain, and to that extent, those opinions are hereby modified.
Accordingly, I am of the opinion that a municipal housing authority is within the purview of s. 768.28, F. S., as amended, and that, in the absence of a judicial determination to the contrary, the monetary limitations on liability contained in s.768.28(5) as amended, are applicable to such authority.
Prepared by: Patricia R. Gleason, Assistant Attorney General