OPINION OF THE COURT
John A. Milano, J.
ISSUE
Is the Omnibus Housing Act of 1983 (L 1983, ch 403) inconsistent with and subordinate to the Federal section 8 Housing Assistance Payment Program thereby precluding the tenant from permitting an ádditional permanent member of the household to enter into occupancy although the said additional occupant may not be a member of the immediate family as defined by statutory and common-law precedents?
PROCEEDING
Petitioner brings this holdover proceeding against the respondent tenant on the grounds that the tenant is in material noncompliance with the terms of his lease in that he allowed unauthorized persons to reside in his apartment in violation and breach of said lease which specifies the persons who may occupy the premises. The tenant’s apartment rental is subsidized by the Department of Housing and Urban Development (HUD) and is commonly referred to as a “section 8”. Clause 29 of the lease states: “This apartment can only be occupied by the tenant and his or her immediate family. Those members of tenant’s immediate family who are to occupy the apartment must be listed *922 below. Any occupant of the apartment whose name is not listed herein may not occupy the apartment and may be summarily removed, in accordance with HUD policies and procedures in effect.” That attached and made a part of this lease is HUD form 50059 (certification and recertification of tenant eligibility).
OMNIBUS HOUSING ACT
Chapter 403 of the Laws of 1983 amended the Real Property Law by adding a new section 235-f to read in pertinent part as follows:
“[Ejection 235-f. Unlawful restrictions on occupancy
“1. As used in this section, the terms:
“(a) ‘Tenant’ means a person occupying or entitled to occupy a residential rental premises who is either a party to the lease or rental agreement for such premises or is a statutory tenant pursuant to the emergency housing rent control law or the city rent and rehabilitation law or article seven-c of the multiple dwelling law.
“(b) ‘Occupant’ means a person, other than a tenant or a member of a tenant’s immediate family, occupying a premises with the consent of the tenant or tenants.
“2. It shall be unlawful .for a landlord to restrict occupancy of residential premises, by express lease terms or otherwise, to a tenant or tenants or to such tenants and immediate family. Any such restriction in a lease or rental agreement entered into or renewed before or after the effective date of this section shall be unenforceable as against public policy.
“3. Any lease or rental agreement for residential premises entered into by one tenant shall be construed to permit occupancy by the tenant, immediate family of the tenant, one additional occupant, and dependent children of the occupant.” (Emphasis added.)
ANALYSIS
The “section 8” program involves thousands of city residents and is a program designed to afford landlords true market rentals while at the same time making available to eligible applicants habitable and integrated living quarters in multiple dwellings in all sectors of the city at a *923 subsidized rental commensurate with the income of the said applicant. It is therefore beyond question that an applicant who is declared eligible retains a very exclusive and valuable right. The court is faced with a dilemma under the said facts, to wit, whether it is possible to strike a balance between the tenant’s rights under his section 8 eligibility and his newly acquired rights under the Omnibus Housing Act.
FEDERAL HOUSING ACT OF 1937
This court holds that section 235-f of the Real Property Law which allows an additional permanent member of the household to enter into occupancy although the additional permanent member may not be a legal family member, is not inconsistent with the section 8 program (Housing Act of 1937, § 8, as added by 88 US Stat 662). The section 8 program is concerned with providing housing assistance payments to owners on behalf of low-income families so as to permit the enjoyment of housing standards which otherwise would be economically unavailable. It follows that as the household income increases, the need for such housing assistance payments decreases. The Federal regulations provide the requirement that in the case of substantially rehabilitated housing (as in the instant summary dispossess proceeding), the owner has the responsibility to monitor tenant household income as may be appropriate but not less than once a year (see 24 CFR 881.603[d]). The definition of income is given in 24 CFR 889.104:
“(a) * * * [A]ll payments from all sources received by the Family head (even if temporarily absent) and each additional member of the Family household who is not a Minor shall be included in the Annual Income of a Family * * *
“(c) If the circumstances are such that it is not feasible reasonably to anticipate a level of income over a 12-month period, a shorter period may be used subject to a redetermination at the end of such period.” (Emphasis supplied.)
It thus follows that the tenant may avail himself of the benefits of section 235-f of the Real Property Law and still enjoy and retain all of the rights, privileges and immunities of the section 8 program subject only to the restrictions on housing assistance payments as enumerated above.
*924 CONCLUSION
The testimony at the inquest of these proceedings revealed that the lease was entered into solely by the respondent tenant and that only one additional occupant was permitted to enter the premises, not a member of the immediate family. The court rules that the tenant has not violated or breached the terms of the said lease as modified and defined by section 235-f (subd 1, pars [a], [b]; subds 2, 3) of the Real Property Law.
Accordingly, the petition is dismissed with prejudice.