[No. H008721. Sixth Dist. June 2, 1992.]

NAOMI B. SMITH, Plaintiff and Appellant, v.
ALUM ROCK UNION ELEMENTARY SCHOOL DISTRICT et al.,
Defendants and Respondents.

**COUNSEL**

Winslow & Fassler, Priscilla Winslow and Catherine Porter for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Henry Ullerich, Assistant Attorney General, Jose R. Guerrero and Jane Zack Simon, Deputy Attorneys General, Hoge, Fenton, Jones & Appel and Scott R. Mosko for Defendants and Respondents.

**OPINION**

**CAPACCIOLI, Acting P. J.**—In an order granting defendants' motion for summary adjudication, the trial court determined that "[p]laintiff cannot, as a matter of law, state a cause of action for age discrimination under California Government Code [section] 12941." Plaintiff subsequently dismissed her action and filed this appeal. She asserts that she stated a cause of action under Government Code section 12941 and that the statute's exceptions clause was inapplicable because the statute mandating the discrimination, Education Code section 23902, conflicted with federal law in violation of the United States Constitution's supremacy clause. For the reasons expressed below, we reverse.

## FACTS

Plaintiff had been employed as a teacher by defendant Alum Rock Union Elementary School District (hereafter District) since 1964. On January 24, 1984, plaintiff was injured in an industrial accident. At this time, plaintiff was 64 years old. Over the next year, plaintiff received sick pay and differential pay. In January 1985 District notified plaintiff that she had exhausted these forms of compensation. Because she remained disabled and unable to work, plaintiff inquired about her eligibility for a disability allowance. Defendant State Teachers' Retirement System (hereafter STRS) informed her that because she was more than 60 years old she was not eligible to receive a disability allowance. Having no other source of income, plaintiff was "forced to apply to the STRS for permanent retirement in August, 1985." Due to her retirement, District terminated plaintiff's employment. Plaintiff subsequently recovered from her disability and wished to return to work for District. Because of the limitation on eligiblity for a disability allowance, she had no job to return to.

Plaintiff brought an action against defendants under Government Code section 12941 and asserted that Education Code section 23902, the statute limiting disability allowances to those under age 60, was unconstitutional. On one of several motions for summary adjudication, the trial court determined that "[d]efendant District terminated plaintiff's employment because she had applied for and received permanent retirement benefits from the [STRS]." In opposition to a subsequent motion by defendants for summary adjudication of additional issues, plaintiff asserted that the unconstitutionality of Education Code section 23902 arose out of the supremacy clause of the United States Constitution. Since Congress had enacted the Age Discrimination in Employment Act (ADEA) forbidding certain employment practices, the state was constitutionally prohibited from mandating discrimination outlawed by the ADEA. Summary adjudication was granted. The trial court ruled that plaintiff could not state a cause of action under Government Code section 12941. Plaintiff dismissed her action without prejudice and filed this appeal.

## DISCUSSION

"It is an unlawful employment practice for an employer to refuse to hire or employ, or to discharge, dismiss, reduce, suspend, or demote, any individual over the age of 40 on the ground of age, except in cases where the law compels or provides for such action." (Gov. Code, § 12941, subd. (a).) "A member may apply for a disability allowance if the member has five or more

years of credited service and . . . [t]he member has not attained age 60 years . . . ."[1] (Ed. Code, § 23902; Stats. 1982, ch. 1314, § 3, p. 4861.)

Plaintiff alleged in her complaint that the statutory exclusion of persons age 60 or older from eligibility for disability allowances was an unlawful employment practice under Government Code section 12941, subdivision (a). Defendants countered that this statutorily mandated discrimination fell within the exceptions clause of Government Code section 12941, subdivision (a). In response, plaintiff argued that, due to the United States Constitution's supremacy clause and the existence of the ADEA, Education Code section 23902's age discrimination compulsion was invalid. If the age distinction compelled by Education Code section 23902 was constitutionally invalid by reason of the supremacy clause, plaintiff would have a cause of action under Government Code section 12941, subdivision (a) because the discrimination practiced on plaintiff would not be authorized by a valid law.

Defendants claim that plaintiff "never pled a cause of action for violation of the ADEA." While it is true that plaintiff's complaint does not mention the ADEA, she implicitly invoked the federal statute as a limitation on the state's power to compel age discrimination through Education Code section 23902. Accordingly, we must decide whether the ADEA conflicts with Education Code section 23902's age discrimination requirement and therefore renders that provision invalid under the United States Constitution's supremacy clause. If that provision is invalid, it could not bring this discrimination within the exceptions clause of Government Code section 12941. Plaintiff would then have stated a cause of action under Government Code section 12941.

## A. EDUCATION CODE SECTION 23902 CONFLICTS WITH THE ADEA

"This Constitution, and the Laws of the United States . . . shall be the supreme Law of the Land." (U.S. Const., art. VI, cl. 2.) ■ "Even where Congress has not entirely displaced state regulation in a specific area, state law is pre-empted to the extent that it actually conflicts with federal law." (*Pacific Gas & Elec.* v. *Energy Resources Comm'n* (1983) 461 U.S. 190, 204 [75 L.Ed.2d 752, 765, 103 S.Ct. 1713].) "A state law, however clearly within a state's acknowledged power, which interferes with or is contrary to federal law is void under the supremacy clause of the United States Constitution [citations]." (*Sail'er Inn, Inc.* v. *Kirby* (1971) 5 Cal.3d 1, 10 [95 Cal.Rptr.

---

[1] In 1987 Education Code section 23902 was amended. The words "age 60 years" were replaced with "normal retirement age." (Ed. Code, § 23902; Stats. 1987, ch. 330, § 10, p. 1430.) "Normal retirement age" is defined as "age 60." (Ed. Code, § 22134.5.) Thus the change in the law was not substantive.

329, 485 P.2d 529, 46 A.L.R.3d 351]; see also *Gibbons* v. *Ogden* (1824) 22 U.S. (9 Wheat.) 1, 210-211 [6 L.Ed. 23, 73-74].)

Education Code section 23902 excludes from eligibility for disability allowance all STRS members age 60 or older. The ADEA provides that an employer may not discriminate on the basis of age. (29 U.S.C. § 623(a).) The ADEA, however, further provides that "[i]t shall not be unlawful for an employer . . . to observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter, *except* that no such employee benefit plan shall excuse the failure to hire any individual, and *no such seniority system or employee benefit plan shall require or permit the involuntary retirement of any individual* specified by section 631(a) of this title [individuals between the ages of 40 and 70] *because of the age of such individual.*" (29 U.S.C. §§ 623(f), 631(a), italics added.) Thus, where the terms of a bona fide employee benefit plan are not a subterfuge to avoid the ADEA, those terms violate the ADEA only where they require or permit the involuntary retirement of an individual on the basis of age. (29 U.S.C. § 623(f).)

Defendants rely heavily on the United States Supreme Court's decisions in *United Airlines, Inc.* v. *McMann* (1977) 434 U.S. 192 [54 L.Ed.2d 402, 98 S.Ct. 444] and *Ohio Pub. Employees Retirement System* v. *Betts* (1989) 492 U.S. 158 [106 L.Ed.2d 134, 109 S.Ct. 2854]. Because these two cases did not deal with the "involuntary retirement" clause of the ADEA, neither case provides any support for defendants' assertions. In *United Airlines* v. *Mc-Mann*, the United States Supreme Court construed the ADEA's subterfuge language to permit age discrimination so long as the benefit plan was enacted prior to the enactment of the ADEA since the plan could not, therefore, have been enacted as a subterfuge to avoid the provisions of the ADEA. In 1978, in response to *McMann*, Congress amended the ADEA to add the "involuntary retirement" exception to the subterfuge language. (See *Ohio Pub. Employees Retirement System* v. *Betts, supra,* 492 U.S. 158, 167-168 [106 L.Ed.2d 134, 148-149]; 29 U.S.C. § 623(f).)

In *Ohio Pub. Employees Retirement System* v. *Betts,* the United States Supreme Court held that the amendment of the statute did not change the meaning of the term subterfuge but the court expressed no opinion on the effect of the added "involuntary retirement" clause. (492 U.S. at pp. 166-168 [106 L.Ed.2d at pp. 147-149].) The United States Supreme Court found that Betts had failed to prove that the employee benefit plan at issue was a subterfuge to avoid the ADEA and reversed the district court's judgment in

favor of Betts but remanded to the Court of Appeals for it to consider whether Betts had been forced to retire on account of her age in violation of the "involuntary retirement" language added to the ADEA in 1978. (492 U.S. at pp. 166, 181-182 [106 L.Ed.2d at pp. 147-148, 156-157].)

On remand, the Court of Appeals found that the "involuntary retirement" language applied and affirmed the district court's judgment in favor of Betts. (*Betts* v. *Hamilton County* (6th Cir. 1990) 897 F.2d 1380, 1381-1383.) Hence, defendants' reliance on *McMann* and *Ohio Pub. Employees Retirement System* v. *Betts* is entirely misplaced since *McMann* interpreted the pre-1978 version of the ADEA and *Ohio Pub. Employees Retirement System* v. *Betts* declined to address the issue. Consequently, where an involuntary retirement on the basis of age is required or permitted by the benefit plan, it is not necessary to show that the benefit plan was enacted as a subterfuge to avoid the requirements of the ADEA. (*Ibid.*)

It is undisputed that STRS is a bona fide employee benefit plan. Plaintiff alleged in her complaint that because of the age discrimination embodied in Education Code section 23902 she was "forced" to retire.[2] We must assume, for purposes of this appeal, that plaintiff could prove her allegation that she was involuntarily retired. Under the ADEA, age discrimination mandated by an employee benefit plan is prohibited where it requires or permits the involuntary retirement of an individual on the basis of age. (29 U.S.C. § 623(f)(2).) ■ The exclusion of employees from eligibility for disability benefits based solely on age so that those employees are forced to choose the less desirable option of retirement is an "involuntary retirement" under the ADEA. (*Betts* v. *Hamilton County, supra*, 897 F.2d at pp. 1382-1383.) Education Code section 23902 permits the involuntary retirement of individuals age 60 and older who become disabled. Because such individuals are rendered ineligible for a disability allowance by the statute, they are forced to retire in order to obtain benefits. This is an involuntary retirement under the ADEA. The exclusion of individuals age 60 or older from eligibility for disability allowances under Education Code section 23902 therefore conflicts with the provisions of the ADEA.

### B. PLAINTIFF HAS STATED A CAUSE OF ACTION

■ "[A] state statute is void to the extent it conflicts with a federal statute . . . ." (*Maryland* v. *Louisiana* (1981) 451 U.S. 725, 747 [68 L.Ed.2d

---

[2]Whether plaintiff was involuntarily retired is a question of fact. (*Henn* v. *National Geographic Soc.* (7th Cir. 1987) 819 F.2d 824, 828-830.) This factual question is not before us because it was not resolved by the trial court. Our review is limited to determining whether plaintiff stated a cause of action since this was the issue ruled on below.

576, 596, 101 S.Ct. 2114].) Hence, where provisions of state law conflict with the ADEA, the requirements of the ADEA must be read into the state law. (*Michael* v. *Majority of Bd. of Trustees, Etc.* (1981) 80 A.D.2d 147 [437 N.Y.S.2d 977, 980-981].) "It is of the very essence of supremacy to remove all obstacles to its action within its own sphere, and so to modify every power vested in subordinate governments . . . ." (*M'Culloch* v. *State of Maryland* (1819) 17 U.S. (4 Wheat.) 316, 427 [4 L.Ed. 579, 606-607].) ■ The supremacy clause of the United States Constitution requires that Education Code section 23902 be invalidated to the extent that it is inconsistent with the ADEA. This can be accomplished by invalidating the age-based exclusion embodied in Education Code section 23902.

The elimination of the statutory authorization for the age discrimination practiced against plaintiff brings her cause of action squarely within Government Code section 12941. Consequently, plaintiff stated a cause of action for age discrimination under Government Code section 12941. The trial court's summary adjudication of that issue was therefore erroneous and must be reversed.

## CONCLUSION

The order granting summary adjudication is reversed. Plaintiff shall recover her costs on appeal.

Premo, J., and Elia, J., concurred.

Respondents' petition for review by the Supreme Court was denied August 20, 1992.