Patricia C. Hayes, Chairman Capitol Zoning District Commission 410 S. Battery Little Rock, AR 72201-4715
Dear Ms. Hayes:
This is in response to your request for an opinion on the following questions concerning property that is owned by the Little Rock Housing Authority and located within the Capitol Zoning District:
 1. Is a facility owned by the Housing Authority of the City of Little Rock subject to the zoning and regulatory authority of the Capitol Zoning District Commission?
 2. Are federal statutes or regulations (especially HUD regulations) applicable to the Housing Authority of the City of Little Rock and, if so, are the regulations mandatory or are the regulations subject to local zoning regulations?
 3. What is the authority of the Capitol Zoning District Commission if its zoning regulations conflict with federal statutes or regulations applicable to the Housing Authority of the City of Little Rock?
RESPONSE
It is my opinion in response to your first question that a facility owned by the Housing Authority of the City of Little Rock ("Housing Authority") and located within the Capitol Zoning District is, generally, subject to the zoning and regulatory authority of the Capitol Zoning District Commission ("Commission"). With respect to your second question, the applicability of federal statutes or regulations falls outside the ordinary scope of an opinion from this office, except as the question implicates state law. Generally, however, in my opinion, the Housing Authority is subject to valid zoning regulations applicable to the particular locality. In response to your third question, assuming that the Commission has, in fact, properly exercised its zoning authority, then it is my opinion that the zoning regulations will likely be controlling unless the local regulations stand as an obstacle to the accomplishment of the full purposes and objectives of Congress.
Question 1 — Is a facility owned by the Housing Authority of the City ofLittle Rock subject to the zoning and regulatory authority of the CapitolZoning District Commission?
The answer to this question is generally "yes," with regard to a facility located within the Capitol Zoning District (see A.C.A. § 22-3-301 et seq.). Section 14-169-205 (Repl. 1998) of the Arkansas Code Annotated (part of the Housing Authorities Act) provides as follows:
 (a) All housing projects of a housing authority shall be subject to the planning, zoning, sanitary, and building laws, ordinances, and regulations applicable to the locality in which the housing project is situated.
 (b) In the planning and location of any housing project, an authority shall take into consideration the relationship of the project to any larger plan or long-range program for the development of the area in which the authority functions.
When the "locality" is the Capitol Zoning District, then in accordance with A.C.A. § 22-3-306 (a) (Repl. 1996), "the Capitol Zoning District Commission shall have exclusive authority over the zoning and regulation of the utilization of all property within the Capitol Zoning District. . . ."
Question 2 — Are federal statutes or regulations (especially HUDregulations) applicable to the Housing Authority of the City of LittleRock and, if so, are the regulations mandatory or are the regulationssubject to local zoning regulations?
The first part of this question, concerning the applicability of federal laws and regulations, does not fall within the relatively limited scope of an opinion from this office. Ordinarily, questions of federal law are properly addressed to the relevant federal agency or the United States Attorney.
It seems clear as a general matter, however, that participating housing authorities must operate within the requirements of the federal Housing Act (42 U.S.C.A. § 1437 et seq.), including valid regulations promulgated by the Department of Housing and Urban Development ("HUD") pursuant thereto. See generally Greenville Housing Authority v. Salters,281 S.C. 604, 316 S.E.2d 718 (1984) and Hess v. Ward, 497 F.Supp. 786
(E.D.Pa. 1980).
With regard to the second part of this question, it is my opinion that the Housing Authority is generally subject to local zoning regulations. This is clear under state law. See A.C.A. § 14-169-205 (a), supra. And I have found no authority for the proposition that the federal Housing Act, supra, automatically supersedes or preempts local zoning. Indeed, the United States Supreme Court has recognized the zoning authority of municipal corporations with respect to low-income housing projects. Hillsv. Gautreaux, 425 U.S. 284, 305 (1975) (stating that under the federal lower-income housing assistance program, "the local governmental units retain the right to . . . require that zoning and other land use restrictions be adhered to by builders.") See also Cowart v. City ofOcala, Fla., 478 F.Supp. 774, 783 (M.D.Fla. 1979) (upholding city's disapproval of a site development plan under local zoning code criteria, citing Hills v. Gautreaux after observing that city approval of a specific project within an area designated as suitable for federally assisted housing is not mandated, even though HUD approval has been obtained).
Your specific question in this regard is whether federal regulations that apply to the Housing Authority are "mandatory" or whether they are "subject to local zoning regulations." Because, as noted above, zoning aspects are left to local government, I believe the Housing Authority will in all likelihood be subject to regulations that are legally formulated by the Capitol Zoning District Commission pursuant to its zoning authority. The legality of particular zoning regulations is of course a matter to be decided in each instance, with the inquiry generally focused on whether imposition of the requirements in question bears a "substantial relation to the public health, safety, morals, or general welfare." See generally Cowart v. City of Ocala, Fla., supra,478 F.Supp. at 784.[1] It is my opinion as a general matter, however, that federal regulations may be correctly characterized as "subject to" local zoning regulations in the sense that housing authorities in receipt of federal financial assistance must generally comply with local zoning requirements.
Question 3 — What is the authority of the Capitol Zoning DistrictCommission if its zoning regulations conflict with federal statutes orregulations applicable to the Housing Authority of the City of LittleRock?
A conclusive answer to this question may depend upon the particular conflict. Generally, however, it is my opinion that the zoning regulations will apply unless the conflict is sufficient to invoke federal preemption under the Supremacy Clause (U.S. Const. art. VI, cl. 2).
The United States Supreme Court has identified three circumstances in which federal law preempts state law under the Supremacy Clause: Express preemption, implied preemption through pervasiveness of the scheme of federal regulation, or preemption due to actual conflict between the state and federal law. See English v. General Electric Co. 496 U.S. 72
(1990). I have found no evidence that the federal government explicitly preempted state law in the area of public housing or that Congress intended to exclusively regulate the area. Accord Stevenson v. SanFrancisco Housing Authority, 24 Cal.App.4th 269, 29 Cal.Rptr.2d 398
(1994); City of Cleveland v. Berger, 91 OhioApp.3d 102, 631 N.E.2d 1085
(1993). Indeed, as noted above, in the specific area of zoning, it appears that local authority is recognized. It is therefore my opinion that the Arkansas Housing Authorities Act, supra, and the local zoning provision therein, have not been explicitly or impliedly preempted.
I believe the analysis would likely focus instead on the third circumstance in which preemption is found, i.e., where a state law actually conflicts with federal law. Such a conflict arises when compliance with both federal and state law is a physical impossibility (Florida Lime Avocado Growers, Inc. v. Paul, 373 U.S. 132 (1963), or when a state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress (Hines v.Davidowitz, 312 U.S. 52 (1941)).
Because Congress did not, in my opinion, intend to limit or exclude local zoning authority with respect to public housing, (see Hills v.Gautreaux, supra), I believe it is unlikely that there would be a showing of an actual conflict based upon the impossibility of complying with both a federal and a state law in this respect. The possibility remains that a local zoning regulation might impair achievement of the purposes and goals of the federal program such that preemption is established.[2] I cannot, however, speculate further as to any such possibility in the limited context of this opinion. This would require analysis of the particular challenged regulations.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The court in Cowart considered, and rejected, the argument that the use of conditional zoning authority in that case was a "planned contrivance" to avoid the public housing application. 478 F.Supp. at 782
(quoting from Crow v. Brown, 332 F.Supp. 382 (N.D.Ga. 1971), a case involving a Fourteenth Amendment, Equal Protection challenge to a zoning decision).
[2] There is authority to this effect with respect to the Federal Fair Housing Amendments Act (FHAA), 42 U.S.C. § 3601 et seq, when local zoning ordinances have had a discriminatory impact on persons with disabilities. See S.C. Op. Atty. Gen. 94-47 (1994 WL 507074), and cases cited therein.