Filed 6/21/21  Quinn v. County of San Luis Obispo CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| MAUREEN QUINN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SAN LUIS OBISPO,<br><br>    Defendant and Respondent. | 2d Civ. No. B309170<br>(Super. Ct. No. 20CVP-0095)<br>(San Luis Obispo County) |

Plaintiff claimed the crowing of her neighbors' roosters constitutes a public nuisance.  She sued the county in propria persona for failure to abate the alleged nuisance.  The trial court granted the county judgment on the pleadings on plaintiff's second amended complaint, and refused to issue a preliminary injunction requiring the county to abate the alleged nuisance. We affirm.

## FACTS

Maureen Quinn's second amended complaint against the County of San Luis Obispo (County) alleged as follows:

Quinn lives in a mobile home in a rural part of the County. Her home is separated by one lot from property owned by people who are not parties to this action (neighbors). The neighbors keep roosters in a battery of cages. The roosters crow day and night. The crowing causes Quinn to suffer severe sleep deprivation, headaches, agitation, and difficulty focusing.

Quinn called the County's animal services several times to complain about the noise. The County sent her a form to request that the County issue a citation to the neighbors. Quinn filled out the form and returned it to the County, but the County refused to investigate.

Quinn had a number of confrontations with her neighbors over the noise. The neighbors have a video on which Quinn says, "Shut your fucking roosters up. I'll go get my gun." The neighbors obtained a restraining order against Quinn. Quinn claimed the video had been tampered with.

Quinn contacted the County animal services again. She spoke with the head of animal services, Eric Anderson. Anderson told her that his duties do not include addressing complaints about roosters, especially in rural areas. Quinn continued to complain to animal services.

Quinn alleges her mental health continued to deteriorate. She felt mentally ill. She sought help from a number of mental health providers. They could not help her because her problem was caused by external stimuli.

The County's district attorney charged Quinn with six counts of violating the restraining order obtained by her neighbors. A jury trial is pending.

Quinn filed a tort claim with the County for failure to abate the nuisance caused by the roosters.  The County denied the claim.

Quinn alleges:  "Plaintiff established that the procedural steps within [County Code section] 9.04.080, in conducting an investigation to determine if a public nuisance exists was CONDUCTED and CONCLUDED by the duly appointed employees (officers) and that investigation did DETERMINE THAT THE PUBLIC NUISANCE DOES EXIST."

The complaint prayed for $1 million in damages for pain and suffering.

*Motion for Preliminary Injunction*

Quinn made a motion for a preliminary injunction to require the County to impound the roosters and cite the roosters' owners.

In opposition to the motion, Anderson declared under penalty of perjury that at no time did he or any other animal services officer make a determination that a nuisance exists on the neighbors' property.  Quinn did not contest the truth of Anderson's affidavit.

DISCUSSION

I

*Judgment on the Pleadings*

A motion for judgment on the pleadings is in the nature of a general demurrer; thus, the rules governing demurrers apply. (*Smiley v. Citibank* (1995) 11 Cal.4th 138, 146.)  We independently review the complaint to determine whether it alleges facts sufficient to state a cause of action.  (*Id.* at pp. 145-146.)  In doing so, we accept all material facts alleged in the complaint as true.  (*Id.* at p. 146.)  But we do not accept as true

contentions, deductions, or conclusions of law. (*Stevenson v. San Francisco Housing Authority* (1994) 24 Cal.App.4th 269, 273.)

II

*Duty to Abate the Nuisance*

Quinn contends that she alleged facts sufficient to show that the County breached its mandatory duty to abate the nuisance.

Quinn argues that County Code section 9.04.080 imposes a mandatory duty on the County to abate the nuisance. That section provides: "Whenever it shall be affirmed in writing by three or more persons living in separate dwelling units in the neighborhood that any dog, cat or household pet is a habitual nuisance by reason of frequent, persistent or long-continued howling, barking or other noise, or is in any other manner causing undue annoyance, by reason of chronic leash law violations or unsanitary conditions, that shall constitute a public nuisance to exist, the division, through investigation, if it finds such public nuisance to exist, shall serve written notice upon the owner or custodian that the public nuisance shall be abated or the animal shall be impounded in a legal manner. If the nuisance and annoyance is not successfully abated, as affirmed in writing by the original petitioner(s), the division shall present the results of the investigation of such nuisance to the officer responsible for prosecution within the jurisdiction wherein such nuisance is being maintained."

A public entity is liable for an injury proximately caused by its failure to discharge a mandatory duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty. (Gov. Code, § 815.6.) In order to give rise to liability, the duty must be mandatory rather than discretionary or permissive.

4.

(*Haggis v. City of Los Angeles* (2000) 22 Cal.4th 490, 498.) It is not enough if a public entity is obligated to perform a function if the function itself involves an exercise of discretion. (*Ibid.*)

Here the trial court properly granted the County judgment on the pleadings for at least two reasons, either of which would be sufficient to uphold the judgment.

First, County Code section 9.04.080 requires as a prerequisite of any duty, mandatory or discretionary, complaints "in writing by three or more persons" living in separate dwelling units. Quinn alleges only her own complaint.

Second, the County Code requires that the annoyance complained of must be caused "by reason of chronic leash law violations or unsanitary conditions." Quinn's complaint alleges neither violations of the leash law nor unsanitary conditions.

Quinn does not suggest how she can amend her complaint to state a cause of action. The trial court did not err in granting judgment to the County.

### III

### *Motion for Preliminary Injunction*

Quinn contends the trial court erred in refusing to issue the preliminary injunction requiring the County to abate the nuisance.

Quinn's motion for a preliminary injunction is based on County Code section 9.04.080. For the same reasons that the trial court properly granted the County's motion for judgment on the pleadings, the trial court properly refused to issue the injunction.

One additional reason is that under the County Code, the County has a duty to abate the nuisance only if through an investigation the County finds a public nuisance to exist. Quinn's

unverified complaint alleges the County investigated and declared the roosters to be a nuisance. But Anderson's affidavit in opposition to the motion declared that there had been no declaration of a nuisance. Anderson's affidavit was uncontradicted.

The judgment is affirmed. Costs are awarded to respondent.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


PERREN, J.


TANGEMAN, J.


6.

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____

Maureen Quinn, in pro. per., for Plaintiff and Appellant.
McCarthy & Kroes, R. Chris Kroes, and Linda Elias-Wheelock for Defendant and Respondent.